UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------- X

DEVANTE CROSS,

                                         Plaintiff,      **FIRST AMENDED COMPLAINT**

                 -against-                                  14-cv-03844-RRM-MDG

THE CITY OF NEW YORK; P.O. OSCAR
PALOMINO, Tax # 942321; SGT. PEDRO
INGLES, Tax # 940280; and P.O. JOHN DOES    ECF Case
# 1-5; the individual defendant(s) sued
individually and in their official                Jury Trial Demanded
capacities,

                                Defendants.

------------------------------------------- X

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.  Plaintiff's claims arise from an incident that arose on or about March 24, 2013.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; assault; battery; unreasonable force; failure to intervene; denial of medical care; and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an

award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incident.

4.      Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5.     Plaintiff Devante Cross is African American, and a resident of the State of New York, Queens County.

6.     At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.     At all times alleged herein, defendants P.O. Oscar Palomino, Tax # 942321, Sgt. Pedro Ingles, Tax # 940284 and P.O. John Does # 1-5 were New York City Police Officers employed with the 79th Precinct, located in Kings County, New York, or an other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.     The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

**The Incident**

9.     On March 24, 2013, at and in the vicinity of 1517 Atlantic Ave Brooklyn, NY 11213, and the 79th Precinct, Brooklyn, police officers operating from the 79th Precinct, including upon information and belief, defendants P.O. Palomino, Sgt. Ingles, and P.O. John Does # 1-5, at times acting in concert, and at

times acting independently, committed the following illegal acts

against plaintiff.

10.   On March 24, 2013, at approximately 4:00 a.m.,

and in the vicinity of 1517 Atlantic Ave Brooklyn, NY 11213,

P.O. Palomino, Sgt. Ingles, and P.O. John Does # 1-5, without

probable cause or reasonable suspicion that plaintiff had

committed a crime unlawfully arrested plaintiff.

11.   Plaintiff had been assaulted while at a

nightclub.

12.   Plaintiff had visible injuries including a

laceration to his forehead that was bleeding.

13.   Plaintiff had left the nightclub.

14.   P.O. Palomino, Sgt. Ingles, and P.O. John Does #

1-5 approached plaintiff.

15.   Plaintiff tried to explain that he had been the

victim of an assault.

16.   The police refused to listen to him and instead

grabbed him, threw him on the ground, kneed him in the back, and

placed excessively tight handcuffs on him that cut into his

wrists.

17.   Plaintiff complained to the police that he had

done nothing wrong and asked for medical attention, but they

ignored his complaint and request.

18.   The police transported plaintiff to the 79th Precinct for arrest processing.

19.   The police delayed providing plaintiff with medical treatment.

20.   Eventually emergency medical services transported plaintiff to the hospital where his injuries were treated and he was returned to the 79th Precinct.

21.   The police transported plaintiff from the 79th Precinct to Brooklyn Central Booking for arraignment.

22.   Plaintiff waited at Central Booking for many more hours.

23.    In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated by false sworn complaints and/or conversations, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes, and the District Attorney prosecuted plaintiff.

24.   The defendants made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

25.     Plaintiff was released at arraignment on his own recognizance.

26.     After appearing in criminal court, the charges against plaintiff were dismissed in contemplation of dismissal on or about May 14, 2013.

**General Allegations**

27.     The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

28.     Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

29.     At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

30.     The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said

defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

31.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

32.   Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

33.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34.   Defendants unlawfully stopped and searched plaintiff without cause or consent.

35.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

36.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37.    Defendants unlawfully stopped and searched plaintiff without cause or consent.

38.    Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

39.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

40.    Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

41.    Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

42.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.    Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

44.    Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

45.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.    The individual defendants' use of force upon plaintiff was objectively unreasonable.

47.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

48.    Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

49.    Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

50.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51.   Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

52.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

53.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.   Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

55.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

56.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

58.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### NINTH CLAIM

#### (DENIAL OF MEDICAL CARE)

59.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60.   Defendants are liable to plaintiff because they ignored plaintiff's need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### TENTH CLAIM

#### (RESPONDEAT SUPERIOR)

61.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff,

including falsely arresting, assaulting, and battering

plaintiff.

63.     The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     Brooklyn, New York
           December 22, 2014

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, suite 3301
Brooklyn, New York 11241
(718)246-2900
mhueston@nyc.rr.com
By:

____s/_____
MICHAEL O. HUESTON

13